UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANIL SAWANT et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-980 (VLB) |
| GEOFFREY RAMSEY et al., | : | |
| Defendants. | : | June 19, 2009 |

MEMORANDUM OF DECISION AND ORDER GRANTING MOTIONS TO WITHDRAW
[Doc. #84, 91, 94]

This matter is before the Court on the motions of to withdraw pursuant to Rule 1.16(b)(5), (6), and (7) of the Connecticut Rules of Professional Conduct. Based on the court's review of the motion, the facts, and the law as forth below, the motions are GRANTED.

Facts

On June 21, 2007, the plaintiffs, several dozen shareholders and former shareholders of Host America Corporation, brought a three count complaint alleging violations of the Securities Exchange Act of 1934 against the defendants Geoffrey W. Ramsey, Peter Sarmanian, Roger Lockhart, and David Murphy. The attorneys for defendants Ramsey, Sarmanian, and Murphy have filed motions to withdraw as counsel.  Defendants' counsel argue that good cause to withdraw exists because they have not been paid legal fees and costs for nearly two years of legal services and they have given reasonable warning of withdrawal to the defendants. The Court ordered each attorney to provide notice to defendants of

1

their intent to withdraw and the possible consequences if their motions were granted, and ordered the defendants to show cause why the motions should not be granted. [Docs. ## 87, 93, 96] On May 29, 2009, the Court held a show cause hearing at which all of the defendants were present. All of the defendants and the withdrawing counsel were heard on the record.

## Discussion

Rule 1.16 of the Connecticut Rules of Professional Conduct permits a lawyer to withdraw from representation if the client fails to fulfill an obligation to the lawyer regarding the lawyer's services and the client has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. Nonetheless, the rule states that, "[w]hen ordered to do so, a lawyer shall continue representation notwithstanding good cause for terminating the representation."[1] Accordingly, it is at the court's discretion to permit withdrawal. Courts have relied on considering various factors in permitting withdrawal. Although these factors blend together, generally speaking, courts consider:  (1) the reason for withdrawal; (2) whether any prejudice may be caused to the other parties by withdrawal; (3) whether there is any interference with the administration of justice; and (4) how close it is to the time the case is set for trial.[2]

---

[1]Rule 1.16(c).

[2]7A C.J.S. Attorney & Client § 270 (2009).

2

A.  The Reason for Withdrawal

Withdrawing counsel state that the reason for withdrawal is for failure to be paid for almost two years. Courts have found good cause for withdrawal when, for example, attorneys have "not been paid legal fees for substantial pretrial work, and [the firm was] a boutique firm that [could] not continue to represent the defendant in [a] 'complex, multi-million dollar litigation.'"[3]  In the instant case, although the attorneys practice at relatively large law firms that would normally be able to absorb such financial losses, it is uncontroversial that the present state of the economy and the general contraction of the legal profession affect every firm, large and small. Attorneys "[c]ertainly … are not required to finance the litigation or render gratuitous services." Philadelphia Indem. Ins. Co. v. Atlantic Risk Mgmt., Inc., CV064018752s, 2007 Conn. Super. LEXIS 1963, at *3 (Conn. Super. July 27, 2007). Therefore, this factor strongly weighs in favor of allowing withdrawal.

B.  Prejudice and Interference with the Administration of Justice

A court may consider whether withdrawal will prejudice any of the parties and whether it will interfere with the administration of justice.[4]  In this analysis, courts have considered inter alia: (1) how much the trial would be delayed; (2) the extent to which the withdrawal would disrupt the case; (3) how long the case

---

[3]Philadelphia Indem. Ins. Co. v. Atlantic Risk Mgmt., Inc., No. CV064018752S, 2007 WL 2363489, at *1 (Conn.Super., July 27, 2007)

[4]7A C.J.S. Attorney & Client § 270 (2009).

3

has been pending; (4) the amount of work remaining in comparison to the amount of work already performed; and (5) whether withdrawal would jeopardize the client's chances of prevailing.[5]

In the instant case, discovery is still in its early stages and is not due until September 15, 2009 as of the current scheduling order. [Doc. #79] Trial is not scheduled until December, and therefore the withdrawal of counsel should not cause any prejudicial delay. Requiring the defendants' lawyers to stay in the case would expose the defendants to significantly more financial liability, as they indicated at the show cause hearing that they are unable to personally afford the services of their counsel without Host America's indemnification. Moreover, though the instant case is complex, the Court is confident that the local legal market contains highly competent counsel at smaller firms with less overhead and significantly lower billing rates, and the defendants should therefore be able to avoid default by securing effective replacement counsel.

C. Proximity to Trial

As noted above, trial is not scheduled for at least six months. In those cases where withdrawal has been denied due to proximity to trial, the withdrawing attorney attempted to withdraw on the literal eve of trial. In Hammick v. Hammick, an attorney's motion to withdraw was denied because it was filed "the day that the trial commenced" and withdrawal would have been extremely

---

[5]See, e.g, 7A C.J.S. Attorney & Client § 270 (2009); National Career College, Inc. v. Spellings, No. 07-00075 HG-LEK, 2007 WL 2048776 (D. Hawai'i , July 11, 2007).

disruptive to the court's schedule. 803 A.2d 373, 376 (Conn.App. 2002). Here, the

Court is confident that the defendants will be able to abide by the present

scheduling order.

In light of all of the above, the Court awards the defendants' attorneys'

motions to withdraw.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 17, 2009.