UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANIL SAWANT, ET AL. : | | |
|     Plaintiffs, : | | |
| : | | |
| v. : | | CIVIL ACTION NO. |
| : | | 3:07-cv-980 (VLB) |
| GEOFFREY RAMSEY ET AL., : | | |
|     Defendants. : | | May 8, 2012 |

**EVIDENTIARY RULING ON PLAINTIFFS' AND DEFENDANTS' MOTIONS IN LIMINE**

In advance of trial and in conjunction with the Joint Trial Memorandum, the Parties have filed several motions in limine addressing the presentation of evidence at trial. The Court has reviewed the motions in limine and hereby issues the following evidentiary rulings:

    I.    **Plaintiffs' Motion to Preclude Defendants' Exhibits A and B**

Plaintiffs seek to exclude Defendants' Exhibits A and B, correspondence from the a United States Securities and Exchange Commission ("SEC") reporting the conclusion of the investigation as to Geoffrey Ramsey and Host America and recommending that no enforcement action be taken. Plaintiffs' challenge the admission of this evidence on several grounds, asserting that it is inadmissible hearsay, lacks authentication, and that the documents' prejudicial value strongly outweighs any probative value because the letters include no explanation of why no further enforcement action was pursued and may lead the jury to conclude solely based on this evidence alone that neither Defendant committed a violation of securities laws.

The Court agrees with the Plaintiffs that the prejudicial impact of the letters far exceeds any probative value that they may confer. Fed. R. Evid. 403. Admission of the letters would cause substantial unfair prejudice against the Plaintiffs due to the risk that the jury would rely excessively on the letter as an indication that the SEC determined as a matter of law that the Defendants committed no wrongdoing, when in fact the jury must examine the evidence presented and determine for itself whether any violations of the securities laws were committed. The Court's concerns regarding the prejudicial nature of the letters are further compounded by the minimal probative value offered by the letters in light of the dearth of any explanation as to why an investigation was not pursued.  The absence of any explanation would permit the jury to conclude that the investigation was discontinued because the press release was determined to be void of any false or misleading statement, when in fact the investigation could have been discontinued for any number of reasons, such as a prosecutorial determination to prioritize different matters, a determination that any wrongdoing had been rectified, lack of sufficient resources, etc. This strong risk of the letters usurping the role of the jury in comparison to the negligible probative value offered by the letters warrants their exclusion.

The Defendants' argue in their Objection to Plaintiffs' Motion in Limine that the SEC Letters should be admitted because they are not hearsay offered to establish the truth of their contents, asserting instead that they are offered for two permissible purposes. The Court is not persuaded by these purportedly

permissible purposes, as each is in fact predicated upon the assumption that the Letters indicate that the investigation was discontinued upon the determination that no violation of the securities laws was committed.

First, the Defendants' assert that the SEC letters are being offered to show that the damages were not caused by the Press Release, but by the SEC's suspension of trading on Host America's stock which the Defendants argue is what caused the stock prices to fall. Specifically, the Defendants' state that:

> "The purpose of entering the SEC letters is to show that the damages claimed to have been suffered by the plaintiffs are not attributable to the defendants, as it was the action taken by the SEC in 2005 shutting down trading on Host America's stock which caused the stock prices to fall. The subsequent action by the SEC of re-opening trading on the stock as well as issuing the letters sought to be admitted into evidence lends support to the conclusion that it was not the statements made by the defendants which caused the plaintiffs to suffer the alleged losses." [Dkt. #351, Defs. Obj. to Pls. Mot. in Limine, p. 2-3].

This argument relies upon the assumption that the SEC No Action Letters indicate that the SEC wrongfully suspended trading on Host America stock upon the mistaken belief that the Press Release contained a false or misleading statement, and subsequently determined that no false or misleading statement was made and therefore declined to conduct further investigation. As previously discussed, allowing the jury to make such an assumption would usurp the role of the jury, the trier of fact, tasked with determining whether the evidence presented has established that the Defendants violated the relevant securities laws.

Secondly, the Defendants argue that the Letters are offered for the permissible non-hearsay purpose of serving as an indicator of the Defendants'

state of mind at the time that the Press Release was made. Specifically, the Defendants argue that "[t]he defendants were aware in 2005 that making a false statement would result in the Securities and Exchange Commission taking action, and the fact that the SEC later sent out the "No Action" letter lends supports [sic] to the defendants claim that they had no reason to believe that they had done anything wrong or made an improper statement in 2005." [Dkt. #351, p.3]. This argument is entirely circular and similarly relies on the assumption that the SEC's No Action Letter reflects a determination by the SEC that the Defendants committed no wrongdoing. As discussed above, allowing such an assumption to be drawn would usurp the jury's role as finder of fact in this action.

As the Defendants proffered purposes for offering the SEC Letters are exceedingly prejudicial and the Letters have minimal if any probative value, Plaintiffs' motion in limine to preclude Defendants' Exhibits A and B is GRANTED.

II. Plaintiffs' Motion to Permit the Deposition Testimony of Four Non-Party Witnesses

Plaintiffs request that testimony by deposition be permitted pursuant to Fed. R. Civ. P. 32(a)(4) for four non-party witnesses who reside more than 100 miles from the Court's jurisdiction. Defendants have indicated in the Joint Trial Memorandum that they oppose this request asserting that the use of deposition testimony in lieu of live testimony would inhibit their ability to defend their claims and would be confusing for the jury. Defendants also oppose the use of deposition testimony to the extent that the depositions in question were

conducted in other actions distinct from the present action and related to other defendants who were granted summary judgment.

An exception to the rule against hearsay applies to admit former testimony given at a lawful deposition, "whether given during the current proceeding or a different one," provided that it is "now offered against a party who had – or in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1).

Plaintiffs' request to admit deposition testimony for the four named non-party witnesses is DENIED for failure to assert or establish compliance with Rule 804(b)(1) by demonstrating that all of the parties against whom the testimony is now sought to be offered (or a predecessor in interest) were present and had an opportunity to challenge the testimony.

### III. Plaintiffs' Motion to Permit Three Plaintiffs to Testify Via Live Video Conference

Plaintiffs seek permission to offer the testimony of three Plaintiffs via live video conference as an alternative to in-court testimony on the basis of serious health conditions prohibiting their travel to the trial. Defendants oppose this request, asserting that on the grounds that they received no notice of the request for video conference testimony until April 27, 2012 although the Plaintiffs have been aware of the date of jury selection for a period of approximately seven months which afforded them sufficient time to make alternate travel arrangements to accommodate their restrictions. Further, Defendants dispute this request to the extent that the request relies on medical information from two

years ago absent any updates as to the condition of the three Plaintiffs in question.

The general rule set forth in Fed. R. Civ. P. 43(a) providing that trial witnesses' testimony "must be taken in open court," includes an exception to permit testimony "by contemporaneous transmission from a different location," provided that good cause, compelling circumstances, and appropriate safeguards exist. Serious health conditions inhibiting a witness's ability to travel constitute good cause and compelling circumstance to permit live testimony in open court via video conference. *See Cole-Hoover v. State of NY Dep't of Correctional Servs.*, No. 2-cv-826(M), 2011 WL 3360002, at *5 (W.D.N.Y. Aug. 3, 2011) (acknowledging that witness's osteopenia and cardiopulmonary issues may have warranted the use of live video conference testimony provided medical evidence was provided to substantiate the health conditions). The Court finds that Plaintiffs Constance McClune, William Fender, and James Strode have reported health conditions imposing significant restrictions on their ability to travel to court so as to warrant the use of contemporaneous testimony via video conference provided that the Plaintiffs file current letters from their respective doctors indicating that they remain unable to attend trial and listing the reasons for the restriction on their ability to travel. Accordingly, and provided the Plaintiffs' provide current letters from their doctors, Plaintiffs' motion to permit Constance McClune, William Fender, and James Strode to testify via live video conference is GRANTED, subject to the following safeguards:

1) The Parties must exchange all exhibits sought to be used in the examination, either direct, cross or re-direct, of the three witnesses, and provide the exhibits to the Plaintiff-witnesses themselves, by 5/11/12.

2) The technology for each Plaintiff-witness must be tested by 6/4/12. Plaintiffs should immediately submit a technology request form to the Court's Information Technology Staff, available at http://www.ctd.uscourts.gov/deps2.html  and complete the coordination of these technology requests by 6/4/12 by communicating with the Information Technology Staff or with the Court's Courtroom Deputy, Loraine Lalone.

3) Plaintiffs are responsible for all costs associated with the establishment of video conference connections.

4) No other person other than a video conference operator, and if necessary, a certified translator, may be present in the room with any witness during the time that they testify, nor may any person be in communication with the witness during their testimony, other than the Court and the examining attorneys.

5) If any loss of the video conference connection occurs during the testimony of a witness, causing a loss of audio and/or video during the trial, on the third such occurrence, the video conference shall be immediately terminated and all of the testimony taken, including that witness's direct testimony, shall be stricken from the trial record.

IV. Defendants' Motion to Dismiss Several Plaintiffs for Failure to Comply with Discovery Orders or Submit to Deposition

Defendants seek an order dismissing several Plaintiffs pursuant Fed. R. Civ. P. 37, including Radar Devices, Boune Ome Rattanavong, Kouk S. Lee, Anastasia Michos, Hemant Desai, Michael Louis Kramer, Jason Novotny, Diana Nassaney, and Matthew Samuel, for failure to comply with the Defendants' Requests for Production and the Court's Orders regarding the same. Defendants also seek an order dismissing Plaintiffs Kip Teamey and Mostafa Gamali for failure to submit to deposition pursuant to Rule 37.

"[D]ismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Burrell v. American Telegraph & Telepehone Corp.*, 282 Fed. Appx. 66, 67 (2d Cir. 2008) (citation and internal quotations omitted). In order to receive the relief they seek, the Defendants must present to the Court facts establishing their right to the sanctions under the standards set forth in Rule 37. The Defendants have failed to assert a sufficient factual basis supported by controlling law demonstrating their entitlement to the sanctions sought. The Defendants' motions to dismiss several plaintiffs for failure to submit to deposition and for failure to comply with the Court's Orders from 2010 to respond to Defendants' discovery requests present cursory requests for extreme sanctions pursuant to Rule 37 without fully explaining to the Court the factual basis for the requested sanctions, including by demonstrating that Defendants' Murphy and Ramsey, as opposed to other former Defendants in this case, requested the outstanding documents or depositions, have made repeated efforts to obtain them to no avail, and sought the Court's intervention to compel compliance. Any supplemental motion in limine to dismiss or to exclude evidence should contain the aforementioned information and must be filed by 5/10/12. Plaintiffs must respond by 5/14/12 with a memorandum of law directly responding to the Defendants' motion in limine, without reliance upon prior filings.

Accordingly, Defendants' motion to dismiss several Plaintiffs for failure to submit to deposition and for failure to comply with discovery requests is DENIED.

V.   Defendants' Objection to Plaintiffs' Expert

Defendants' assert that the testimony of Plaintiffs' expert, R. Alan Miller, does not comport with the requirements set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), arguing that the testimony is speculative and fails to satisfy *Daubert's* foundational requirement of testimony predicated upon a "scientifically valid" methodology. 509 U.S. at 592.

The Court finds that the Plaintiffs' proffered expert is qualified to offer an expert opinion as to damages, but the Plaintiffs are ordered to brief the issue of whether Mr. Miller's materiality opinion usurps the role of the jury by opining on the ultimate issue. Plaintiffs' brief shall be submitted by 5/11/12.

VI.   Conclusion

Based upon the above reasoning, Plaintiffs' Motion in Limine to exclude Defendants' Exhibits A and B is GRANTED; Plaintiffs' Motion to permit the deposition testimony of four non-party witnesses is DENIED for failure to demonstrate compliance Fed. R. Evid. Rule 804(b)(1); Plaintiffs' Motion to permit the live video conference testimony of three Plaintiff-witnesses is GRANTED provided that Plaintiffs provide current letters from the Plaintiff-witnesses doctors substantiating the assertion that the witnesses remain unable to travel to the Court's jurisdiction to attend the upcoming trial and provided the video conference testimony comports with the safeguards set forth above; Defendants' Motion to prohibit the proposed Plaintiff-witnesses from testifying via live video conference and to exclude any evidence relating to the Plaintiff-witnesses appearing via live video conference are therefore DENIED; Defendants' Motion to

**Dismiss the claims of several Plaintiffs for failure to submit to deposition and to comply with discovery orders is DENIED; and Plaintiffs are ordered to brief the issue of the proffered expert's testimony as to materiality by 5/11/12.**

                                                  IT IS SO ORDERED.

                                                  _____/s/_____
                                                  Hon. Vanessa L. Bryant
                                                  United States District Judge

**Dated at Hartford, Connecticut: May 8, 2012**