UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANIL SAWANT, ET AL.      : | | |
|     Plaintiffs, : | | |
| : | | |
| v. : | | CIVIL ACTION NO. |
| : | | 3:07-cv-980 (VLB) |
| GEOFFREY RAMSEY ET AL., : | | |
|     Defendants. : | | June 6, 2012 |

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART [401] MOTION FOR RECONSIDERATION

For the following reasons, the Defendants' Motion for Reconsideration of the Court's Order [Dkt. #396] holding that the Plaintiffs' expert will be permitted to testify as to the Plaintiffs' damages and materiality is hereby GRANTED IN PART and DENIED IN PART.

The Court's initial evidentiary ruling, issued on May 8, 2012 [Dkt. #362], addressed the Defendants' challenge to the qualifications of and methodology utilized by the Plaintiff's expert, R. Alan Miller ("Miller"). The Court concluded that Miller was qualified to offer an expert opinion as the issue of damages sustained by the various Plaintiffs. The Court then ordered the Plaintiffs to submit additional briefing addressing the issue of whether or not Miller's testimony as to materiality would usurp the role of the jury by opining on the ultimate issue. [*See* Dkt. #362, Evidentiary Ruling, p. 9]. After Plaintiffs failed to submit the requested briefing by the deadline of May 11, 2012, set forth in the Court's evidentiary ruling, the Court extended the Plaintiffs a second opportunity to submit the requested briefing, imposing a subsequent deadline of May 25, 2012.

On May 31, 2012, the Court issued an Order permitting Plaintiffs' expert to testify as to damages and materiality. On June 1, 2012, Defendants moved for reconsideration of the Court's Order permitting testimony by Plaintiffs' expert as to materiality, asking the Court to provide clarification of the basis for the Court's Order so as to preserve the issue for appeal and to facilitate a meaningful review of the Court's decision. The Court offers the following articulation to clarify, without altering [Dkt. #396] the Court's prior ruling.

Rule 704 of the Federal Rules of Evidence expressly rejects a prior tenet of the rules of evidence, providing that an opinion offered by an expert witness need not be excluded simply because it embraces an ultimate issue in the case. *See* Fed. R. Evid. 704(a) (stating that "[a]n opinion is not objectionable just because it embraces an ultimate issue."). However, the Notes of the Advisory Committee on Proposed Rules which follow Rule 704 emphasize that Rule 704 does not provide a categorical authorization for the admission of expert testimony as to the ultimate issue in a case. Rather, the Notes clarify that "[t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rules 403 provides for exclusion of evidence which wastes time." Notes of Advisory Committee on Proposed Rule 704, Fed.R.Evid. As the Notes recognize, Rules 701, 702, and 403, provide the Court with the grounds upon which to exclude expert testimony which would "merely tell the jury what result to reach." *Id.*

The Notes of the Advisory Committee on Proposed Rules following Rule 702 provide further guidance regarding the limitations on the admissibility of

expert testimony, noting that "it seems wise to recognize that opinions are not indispensable and to encourage the use of expert testimony in non-opinion form when counsel believes the trier [of fact] can itself draw the requisite inference." Notes of Advisory Committee on Proposed Rule 702, Fed. R. Evid. The Notes to Rule 702 instruct that " '[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.' " *Id.* (citation omitted).

As the Second Circuit has recognized, mindful of the rules and advisory committee notes set forth in the Federal Rules of Evidence, "in complex cases involving the securities industry, expert testimony may help a jury understand unfamiliar terms and concepts." *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). However, the Second Circuit expressly noted that the use of such expert testimony "must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying the law to the facts before it." *Id.* (citing *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 510-11 (2d Cir.), *cert denied*, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977)).  Although it is often difficult to draw the line, "[a]s a general rule, an expert's testimony on issues of law is inadmissible." *Id.* (citation omitted). While "an expert may opine on an issue of

fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." *Id.*

In accordance with these principles, as set forth in the Federal Rules of Evidence and as articulated by the Second Circuit, the Court finds that portions of the report of Plaintiffs' expert, Miller, and his testimony sought to be offered, are inadmissible. Specifically, the portions of Miller's report and proffered testimony regarding Plaintiffs' damages and general information regarding the stock market, the various participants in the investment community, the ways in which information is transmitted to market participants, and their evaluation of securities are admissible. To the extent that Miller's report and proffered testimony opines on the "materiality" of the purported misrepresentations and omissions at issue in his case as a legal conclusion, such testimony is inadmissible. *See Bilzerian*, 926 F.2d at 1294. Although in some instances, in the context of a much more complicated segment of the stock market, expert testimony may be admissible as helpful to suggest "the inference which should be drawn from applying the specialized knowledge to the facts," the Court finds that the facts presented by the current case are simple and straightforward such that the jury may, with the benefit of the expert testimony to provide general background as to the overall function and behavior of the securities market, apply the law as instructed by the Court to the facts as presented by the evidence. *See* Notes of Advisory Committee on Proposed Rule 702, Fed. R. Evid.

Accordingly, the Court has redacted the inadmissible portions of the body of the report as it pertains to liability (as opposed to damages). The report will

have to be further redacted as to damages after the Plaintiffs' liability evidence has been admitted at which time the Court will be able to discern the Plaintiffs as to and about which evidence has been admitted. The Court further notes that the exhibits to the proffered expert report are inadmissible unless shown to independently satisfy an applicable rule of evidence.

                                      IT IS SO ORDERED.

                                 _____/s/_____
                                 Hon. Vanessa L. Bryant
                                 United States District Judge

Dated at Hartford, Connecticut: June 6, 2012