UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANIL SAWANT, ET AL., : | |
|     Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | No. 3:07-cv-980 (VLB) |
| : | |
| GEOFFREY W. RAMSEY, ET AL., : | |
|     Defendants. : | June 21, 2012 |
| : | |

### ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT TO ADD A PLAINTIFF

Before the Court is a motion to amend the Complaint to conform to the testimony adduced at trial. Following the conclusion of trial in this matter, the Court discovered and informed the parties that an individual named Matthew Samuel whom the parties listed as a plaintiff in their joint trial memorandum and who testified at trial is not named as a Plaintiff in the Complaint [Dkt. #1] filed on June 25, 2007. After the Court notified the Parties of this issue, the Plaintiffs moved for leave to amend the Complaint pursuant to Fed. R. Civ. P. Rule 15(b). Defendant lodged and objection. Plaintiffs' Motion is hereby granted for the following reasons:

The instant case is brought by a group of plaintiffs who opted out of a class action. Matthew Samuel filed an opt-out form excluding himself from the class members entitled to share in the class action settlement and proceeded to prosecute his claim in this case. All parties proceeded as though Matthew Samuel was named in the Complaint. The case was litigated in its entirety as if Matthew

Samuel was in fact a Plaintiff named in the Complaint. Defendants' initial discovery requests, including their First Request for Production of Documents to Plaintiffs and First Set of Interrogatories to Plaintiffs both named Matthew Samuel as a Plaintiff. Defendants conducted a deposition of Mr. Samuel. Although the discovery in this case was conducted in conjunction with a related state court case, Defendants filed a Motion for Summary Judgment in this case requesting an order of summary judgment as to Matthew Samuel's claims. Defendants included Matthew Samuel as a plaintiff in their Joint Trial Memorandum, did not object to the introduction of his testimony at trial, which testimony would have been irrelevant had he not been a plaintiff, and cross examined him.

The Defendants have had ample notice that Matthew Samuel was intended to be a plaintiff in this case, and would have been a plaintiff but for an inadvertent clerical error. Defendants have had full opportunity to discover facts relative to his claims. Their ability to mount a defense has not been hampered in any way. They have effectively and repeatedly acquiesced and consented to his inclusion as a plaintiff.  Accordingly, the Court finds that there would be minimal if any prejudice, as that term is defined in this context, to the Defendants from the addition, albeit late, of Matthew Samuel as a Plaintiff through the amendment of the Complaint. *See Cunningham v. Quaker Oats Co., Fisher-Price Division*, 107 F.R.D. 66 (W.D.N.Y. 1985)(exercising its discretion under Rule 15(b) to grant a post-verdict amendment to the complaint to add a plaintiff upon a finding that the requested amendment was not necessitated by bad faith of dilatory motive and that the defendant would not suffer undue prejudice where the issues as to the

plaintiff sought to be added were tried by the implied consent of both parties); *see also Andujar v. Rogowski*, 113 F.R.D. 151 (S.D.N.Y. 1986)(allowing the admission of a plaintiff pursuant to Fed. R. Civ P. Rule 15 and prohibiting a statute of limitations defense reasoning that "[a]s long as a defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the actions against him, he will not be prejudiced by the addition of a new plaintiff and thus should not be allowed to raise a statute of limitations defense.").

Where Matthew Samuel opted out from the prior class action in which Defendant Murphy and Defendant Ramsey were named as Defendants, and where Defendants have treated Matthew Samuel as a plaintiff throughout the entire course of this case, including both the discovery and trial phases, it is irrefutable that Defendants have been fully apprised of Mr. Samuel's claim against them, have prepared to defend against his claim and did in fact defend against his claim at trial, and thus they will not be prejudiced by the addition of Mr. Samuel as a Plaintiff in this case.

Accordingly, Plaintiffs' motion to amend the Complaint to add Matthew Samuel as a plaintiff is hereby GRANTED.

IT IS SO ORDERED.
_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 21, 2012